25693. DANIELS v. THE STATE.

ARGUED MARCH 11, 1970—DECIDED APRIL 9, 1970.

*Gambrell & Mobley, Robert D. Feagin, III, William A. Edwards, Jr., Arnall, Golden & Gregory,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

FELTON, Justice. The appellant's constitutional rights were violated in several particulars. *First,* he was not carried to juvenile court authorities in Fulton County, where special detention facilities are provided by government authorities, prior

to interrogation by authorities which led to the first incriminating statement that he "did it" and wanted to tell about it, and neither parent was notified of the questioning and neither was present and no warning had been theretofore given to appellant concerning his rights. This conduct was clearly violative of the appellant's 5th and 14th amendment rights and those under the Georgia Juvenile Court Act. *Code Ann.* § 24-2416 (Ga. L. 1968, pp. 1013, 1025) ; In re Gault, 387 U. S. 1 (87 SC 1428, 18 LE2d 527). *Second,* the letter and spirit of the rulings in In re Gault, supra, were violated by the police authorities when they proceeded as they did when the mother of the appellant showed up to advise and protect him with counsel and advice when she was plainly under the influence of intoxicants, though not drunk. In re Gault, supra, certainly means a competent, sober mother, at least insofar as being under the influence of whiskey or drugs is concerned. *Third,* appellant had not been carried before the juvenile court and one of his parents notified prior to the time the lie-detector test was administered and before the initial incriminatory statement was elicited, as required by the Juvenile Court Act, supra, and the Gault case, supra, as well as Miranda v. Arizona, 384 U. S. 436, 444 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974) ; Haley v. Ohio, 332 U. S. 596 (68 SC 302, 97 LE 224) ; Gallegos v. Colorado, 370 U. S. 49 (82 SC 1209, 8 LE2d 325) ; Culombe v. Conn., 367 U. S. 568 (81 SC 1860, 6 LE2d 1037) ; Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) ; Morales v. New York, 396 U. S. 102 (90 SC, 24 LE2d 299) ; Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205) ; United States v. Wade, 388 U. S. 218, 228 (87 SC 1926, 18 LE2d 1149) ; Davis v. Mississippi, 394 U. S. 721 (89 SC 1394). There was no legal and formal arrest until after the written statement by appellant. Under the facts stated above and under the decisions of the United States Supreme Court, the statement of the appellant was illegally obtained and evidence of the same should have been suppressed on motion and on the trial it should have been excluded on objection of appellant's counsel.

Other questions raised will not be passed on in this appeal for the reason that they are not likely to arise on another trial.

*Judgment reversed. All the Justices concur, except Mobley, P. J., and Nichols, J., who concur in the judgment only. Hawes, J., not participating.*