46289.  ROBERTSON v. THE STATE.

BELL, Chief Judge. The defendant was tried for murder and convicted of voluntary manslaughter.

1. In a homicide prosecution the defendant can introduce proof that the deceased was a person of violent and turbulent character only where it is shown prima facie that the accused had been assailed by the deceased and was honestly seeking to defend himself. *Doyal v. State,* 70 Ga. 134. The only evidence in this case that the deceased was the assailant and that the defendant was honestly acting in self-defense comes from the *sworn testimony* of the defendant. The trial court refused to permit a defense witness to testify that the deceased had a bad character for violence and turbulence. It is apparent that the trial judge excluded this evidence upon a long line of decisions which have held that the foundation evidence that the deceased was the aggressor in making an attack upon the accused cannot come from the defendant's "statement" alone. See *Chapman v. State,* 155 Ga. 393 (117 SE 321); *Smithwick v. State,* 199 Ga. 292 (34 SE2d 28); *Tanner v. State,* 213 Ga. 820 (102 SE2d 176); *Dennis v. State,* 216 Ga. 206 (115 SE2d 527). Our research re-

veals that all of these cases were decided at a time when a defendant was only entitled to make an unsworn statement to the jury. The 1962 amendment to *Code* § 38-415 granted the defendant a right to testify under oath. Ga. L. 1962, pp. 133, 134. Now, the defendant may elect to be sworn or may follow the older procedure of merely making an unsworn statement. Sworn testimony of a defendant has the same evidentiary value as the testimony of any other witness. *Hogan v. State,* 221 Ga. 9 (142 SE2d 778). Obviously, the earlier cases apply only where the defendant makes an unsworn statement. The defendant's testimony under oath established a prima facie showing that the deceased was the aggressor and formed a sufficient basis for the introduction of evidence that the deceased had a bad reputation for violence and turbulence. The exclusion of this evidence was erroneous and harmful.

2. Error has been enumerated on the rulings of the trial judge in excluding the former testimony of two witnesses given at a former trial of this case. Defendant offered this testimony upon the ground that the witnesses were both inaccessible under *Code* § 38-314. Before former testimony can be admitted the party offering it must show that the witness is inaccessible; and the question of inaccessibility is one for the determination of the trial court in the exercise of a sound discretion and the trial court's ruling will not be disturbed unless a manifest abuse of discretion has been shown. *Estill v. C. & S. Bank,* 153 Ga. 618 (113 SE 552). The preliminary proof in the case of one witness, the former wife of the defendant, consisted only of a statement of counsel made in his place. Counsel stated that the last time he had contact with this witness was in August, 1969. The trial was held in May, 1970. This contact consisted of counsel going by her housetrailer and she was found not to be present. Counsel was told by another party that the witness had gone to North Carolina. He was advised by the defendant that the latter had received a phone call from his former wife prior to Thanksgiving 1969, from Pompano Beach, Florida. Counsel stated that he made a phone call to the police in Florida asking that if they came in contact with the witness to call him. Counsel went on to say that the defendant has not seen

her; that the defendant has looked for his wife and talked to people. In *Robinson v. State,* 128 Ga. 254 (57 SE 315) it was held that the question of inaccessibility of a witness depends upon the diligence shown by the party seeking to use his testimony on the former trial in ascertaining where the witness is and attempting to bring him into court. The showing made by counsel as to her inaccessibility is based on what has been told to him by others, which is hearsay and of no probative value. The only affirmative step shown is the phone call counsel made to police in Florida more than six months prior to the time of trial. Nothing after that time has been shown which in any manner can be termed to be a diligent search. As regards the other witness, the only preliminary proof as to inaccessibility was again the statement by counsel that the witness had retired and was now living in Tallahassee, Florida. Assuming as a fact that the witness was beyond the jurisdiction of this State at the time of trial, no showing was made that the witness had refused to return to Georgia and testify. See *Smith v. State,* 147 Ga. 689 (95 SE 281). A manifest abuse of discretion has not been shown and the trial court did not err in excluding this evidence.

3. The other enumerations of error either have no merit or have been abandoned.

*Judgment reversed. Pannell and Deen, JJ., concur.*

ARGUED JUNE 1, 1971—DECIDED JUNE 22, 1971.

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.
*R. William Barton, District Attorney,* for appellee.