## 28752. CAMERON v. CALDWELL.

PER CURIAM.

This appeal is from a habeas corpus judgment that remanded the appellant to custody. The sole question for decision is the issue of double jeopardy.

The appellant was tried twice for the same offense, and at the first trial he and another defendant were tried together. The jury convicted the other defendant, but the jury was unable to reach a verdict with respect to the appellant. The trial judge declared a mistrial in appellant's case, and the appellant was subsequently tried on the same charge and convicted by a jury at his second trial. The appellant raised the issue of double jeopardy at his second trial, but his plea was overruled. Appellant filed a writ of habeas corpus raising the double jeopardy issue, and his plea was again rejected by the habeas court. The appellant has come here seeking review.

The double jeopardy provision in Georgia's Constitution is: "No person shall be put in jeopardy of

life, or liberty more than once for the same offense, save on his, or her own motion for a new trial after conviction, or in case of mistrial." This court has consistently held that if a jury cannot agree upon a verdict in a criminal case, the trial judge may declare a mistrial, and the accused may then be tried a second time for the same offense. The declaration of a mistrial under such circumstances precludes an accused from successfully invoking the constitutional principle of double jeopardy at his second trial. See *Hyde v. State,* 196 Ga. 475 (26 SE2d 744) (1943).

The federal constitutional provision on this subject, in earlier days not applicable to Georgia but made applicable to the individual states by the Fourteenth Amendment, says: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Code § 1-805.

The Supreme Court of the United States has held that this provision of the Federal Constitution does not prohibit a second trial of the accused when the jury in the first trial was unable to reach a verdict. See United States v. Perez, 9 Wheat. (22 U. S.) 579 (6 LE 165) (1824), and Illinois v. Somerville, 410 U. S. 458 (93 SC 1066, 35 LE2d 425) (1973).

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED MARCH 25, 1974 — DECIDED SEPTEMBER 3, 1974.

Willie L. Cameron, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.

GUNTER, Justice, dissenting.

I must dissent from the court's judgment of affirmance in this case. A reading of the record in this case convinces me that the declaration of a mistrial was not dictated by "manifest necessity" or the "ends of public justice." After an accused has been fully tried before a jury for the crime charged, and the jury has

received the case and deliberated on its verdict but cannot reach a decision of guilty or not guilty, the declaration of a mistrial so as to permit the retrial of the accused on the same charge violates the due process and double jeopardy constitutional rights of the accused. Such a procedure, in my opinion, makes the double jeopardy provision in the Fifth Amendment and the due process provision in the Fourteenth Amendment, in combination, meaningless.

The Double Jeopardy Clause of the Fifth Amendment is made applicable to Georgia through the Due Process Clause of the Fourteenth Amendment. Benton v. Maryland, 395 U. S. 784 (89 SC 2056, 23 LE2d 707) (1969).

In this case the jury had deliberated the cases of both defendants for merely a portion of a day. The jury reported that it had reached a verdict in one case but could not reach a verdict in the other. The jury returned a verdict in one defendant's case, but no verdict was returned in the appellant's case. The jury was discharged, and the trial judge declared a mistrial. This record is that bare with respect to there being a manifest necessity to declare a mistrial to meet the ends of public justice.

In a case showing far greater "manifest necessity" for the declaration of a mistrial than the record in this case shows, the United States Court of Appeals for the Third Circuit held that the accused had been placed in jeopardy at his first trial and ordered the accused to be released on a writ of habeas corpus. See Russo v. Superior Court of New Jersey, 483 F2d 7 (1973). In that case the government applied to the Supreme Court of the United States for certiorari which was denied November 12, 1973, 94 SC 447, after the Supreme Court's decision in Illinois v. Somerville, 410 U. S. 458 (93 SC 1066, 35 LE2d 425).

It is my view that when a criminal case has been fully presented to a jury by both the state and the accused, and the jury has deliberated but cannot and does not reach a verdict, the accused cannot be retried on the same charge. I say this because the burden is upon the state to prove the guilt of the accused beyond a reasonable doubt. If the jury is unable to reach a verdict,

the state has failed to carry its burden, and the accused has been exonerated. In such a situation there is no manifest necessity to declare a mistrial so that the ends of public justice will be met. A retrial under such circumstances violates constitutional protections accorded to citizens of the United States.

It is clear to me that the reasonable-doubt standard required in criminal cases is a constitutional right. The Supreme Court of the United States as late as 1970 said: "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U. S. 358, 364 (90 SC 1068, 25 LE2d 368).

In any criminal trial resulting in a hung jury, a verdict of guilty not being reached before the jury is discharged from the case, the accused, in my opinion, has been placed in jeopardy, the state has not proved him guilty beyond a reasonable doubt, and he cannot be again tried for that alleged crime.

"Manifest necessity" for the declaration of a mistrial is not present in this case, but even if it were, I would still hold that double jeopardy could be invoked because the state, at the first trial, failed to prove the accused guilty beyond a reasonable doubt, a standard mandated by the Fourteenth Amendment.

I think that the second trial of the appellant was unconstitutionally conducted, that he is serving a twelve year sentence that was unconstitutionally imposed, and I would grant the appellant's application for a writ of habeas corpus.

I respectfully dissent.