### 30646. RILEY v. THE STATE.

INGRAM, Justice.

This is an out-of-time appeal from a murder conviction of appellant by a jury in Bibb County Superior Court and from a sentence of life imprisonment. The appeal was authorized by the trial judge as a result of habeas corpus proceedings brought by appellant during his confinement under the sentence.

Briefly, the evidence at the murder trial shows the following events: On December 3, 1969, the deceased, a bus driver, got into a disagreement over the payment of a bus fare with a teenager and co-defendant of appellant, Nathaniel Swarn, who was tried separately. Swarn threatened to "get even" with the driver. Appellant and

several others were also passengers on the bus. On the following night of December 4, 1969, the same driver was again driving his bus and he stopped to pick up a group of teenage passengers at an intersection. One of the group stepped onto the bus while another reached around the boy on the steps of the bus and shot the driver. The bus driver was found slumped over in the bus by a police officer and was taken to the hospital. He was able to describe to the police the above incidents before he died a few days later. The person who was on the steps of the bus was described as having a certain hair style, which was the same style as appellant's hair.

Appellant, who was then 15 years of age, was arrested for aggravated assault and then charged with murder after the bus driver died. The appellant gave the police an incriminating statement in which he admitted meeting with Nathaniel Swarn and a third person, George Thomas, waiting on the street corner for the bus, and agreeing that Thomas would shoot the driver. At the trial, appellant produced alibi witnesses and denied any participation in the crime. He claimed that he gave the police the incriminating statement only after being confronted by Swarn who was also in police custody and after reading Swarn's statement which implicated appellant.

We consider appellant's first three enumerations of error as similar and they will be considered together. Appellant's first trial for this same crime resulted in a mistrial. He was represented by counsel who cross examined, or had an opportunity to cross examine, the witnesses for the state. At the second trial, appellant's trial counsel entered into a stipulation with the district attorney regarding the chain of custody of the bullet that killed the deceased. This stipulation is now enumerated as error by new counsel in this appeal. However, we find no error. It is not error, for example, for counsel to stipulate the chain of custody of heroin. See United States v. Martin, 489 F2d 674, 678 (9th Cir. 1973).

Similarly, the prior sworn testimony of the two crime lab witnesses who identified the gun which was linked to Nathaniel Swarn as the murder weapon was admitted at the present trial without objection. In fact, the trial judge

specifically inquired in open court whether the prior testimony of these two witnesses was being read at this trial by agreement. Defense counsel replied in the presence of appellant at this point that, "I have no objection." Additionally, both the direct testimony and cross examination of Alfred Durham, who testified about the nonpayment of the bus fare incident, was admitted without objection. This witness was also shown at the second trial to be serving in the U. S. Marine Corps and stationed in South Carolina, beyond the reach of a Georgia subpoena.

A witness' testimony taken at a prior trial upon substantially the same issue between substantially the same parties is admissible if the witness is inaccessible for any cause. Code Ann. § 38-314. The prior testimony of the crime lab witnesses is now objected to for the first time on appeal because no showing of "inaccessibility" was made. The party seeking introduction of the prior testimony must show that the witness is "inaccessible." See *Whatley v. State,* 230 Ga. 523 (198 SE2d 176) (1973). The question of inaccessibility is one for the determination of the trial court in the exercise of its sound discretion. See *Robertson v. State,* 124 Ga. App. 119, 120 (183 SE2d 47) (1971). While it is true that no showing was made of the inaccessibility of the two crime lab witnesses, this does not, as appellant now contends, lead to automatic reversal of the conviction.

Under the circumstances of this case, we regard the admissibility of this evidence as a procedural matter in which alleged errors could be and were waived as a trial tactic by defense counsel. The confrontation clause of the Sixth Amendment to the U. S. Constitution is not offended by this procedure. See California v. Green, 399 U. S. 149 (1970); Barber v. Page, 390 U. S. 719 (1967). Cf. Brookhart v. Janis, 384 U. S. 1 (1965). We hold that, under the facts of this case, appellant waived at trial, through his counsel at that time, the use of this sworn testimony from the former trial and cannot now claim the waiver was error for the first time on appeal.

Appellant also enumerates as error the giving by the trial judge of a jury charge on conspiracy. In our opinion, the evidence of appellant's presence at the scene of the

crime, his incriminating statements and other evidence of the events of the two days including the agreement that Thomas would shoot the driver authorized the charge on conspiracy given in this case.

The next enumeration of error asserts that it was error to admit appellant's incriminating statement because appellant was 15 years of age at the time the statement was given and his parents were not present. At the Jackson v. Denno hearing (378 U. S. 368 (1964)), the evidence showed that appellant was arrested at his home on December 10, 1969. His mother was present when appellant was advised of his constitutional rights as required by Miranda v. Arizona, 384 U. S. 436 (1966). There is no evidence that appellant's mother was separately advised of appellant's rights.

Appellant was questioned and denied any knowledge of the crime. The next day, after the victim had died, appellant was again advised of his rights which he stated he understood. He was told the bus driver had died and the charge against him was now murder. Nathaniel Swarn was brought in and Swarn's statement implicating appellant was read to him. Appellant then gave the police an incriminating statement. The trial judge found that appellant understood his rights and had voluntarily waived them.

It is argued that the case of *Freeman v. Wilcox,* 119 Ga. App. 325 (167 SE2d 163) (1969) should control the outcome of this case and that, under *Freeman,* appellant's incriminating statement was inadmissible. In *Freeman,* a 14-year-old child was in custody for five days before his confession was obtained and used in a juvenile delinquency proceeding against him. The Court of Appeals stated (Hn. 4): "In the present case Freeman's confession was solicited out of court with neither counsel nor parent present. If Freeman was advised of his right to counsel and if he understood that right, it is clear from the record that his mother was not so advised. This is a crucial deficiency under the Gault case. *Both must be advised . . .* We think, under the circumstances, that the confession was too suspect as to its procedural purity and its voluntariness to be allowed into evidence against Freeman." See also *M. K. H. v. State of Ga.,* 135 Ga. App.

565 (218 SE2d 284) (1975), and *J. J. v. State of Ga.,* 135 Ga. App. 660, 664 (218 SE2d 668) (1975). These cases all cite *Daniels v. State,* 226 Ga. 269 (174 SE2d 422) (1970), a case in which defendant was not advised of any of his rights, including the right to have parent or counsel present.

The question raised in this case, in light of controlling authority, is whether there was a knowing and intelligent waiver of constitutional rights by appellant. In our opinion, the question of a voluntary and knowing waiver depends on the totality of the circumstances and the state has a heavy burden in showing that the juvenile did understand and waive his rights. See United States v. Miller, 453 F2d 634 (4th Cir. 1972); Cotton v. United States, 446 F2d 107 (8th Cir. 1971).

The U. S. Court of Appeals for the Fifth Circuit has refused to apply a per se exclusionary rule to confessions and incriminating statements given outside the presence of the juvenile's parents. In short, age alone is not determinative of whether a person can waive his rights. Instead, the question of waiver must be analyzed by a consideration of several factors. These are "(1) age of the accused; (2) education of the accused; (3) knowledge of the accused as to both the substance of the charge . . . and the nature of his rights to consult with an attorney and remain silent; (4) whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney; (5) whether the accused was interrogated before or after formal charges had been filed; (6) methods used in interrogations; (7) length of interrogations; (8) whether vel non the accused refused to voluntarily give statements on prior occasions; and (9) whether the accused has repudiated an extra judicial statement at a later date." West v. United States, 399 F2d 467, 469 (1968), cert. den. 393 U. S. 1102. To the extent *Freeman v. Wilcox,* supra, can be read to require an automatic exclusion, if the parent is not separately advised, it is disapproved. We affirm the trial judge's ruling in this case.

The next enumeration of error challenges the charge of the trial court on the state's burden of proof of the

elements of the crime beyond a reasonable doubt. The appellant contends that the charge impermissibly placed a burden on him to prove his innocence and cites *Henderson v. State,* 134 Ga. App. 898 (216 SE2d 696) (1975), in support of this contention. The charge in *Henderson* was confusing and shifted to the defendant the burden of proving his contentions in order to secure an acquittal. The charge given in appellant's case taken out of context required the jury to acquit if they believed appellant's contentions, but, in context, it was not confusing or burden shifting. The charge in context required the state to prove every element of the crime beyond a reasonable doubt, reiterated that appellant both denied guilt and contended that the state had not carried the burden of proving his guilt. The charge also restated the alibi charge approved in *Patterson v. State,* 233 Ga. 724 (213 SE2d 612) (1974). When taken as a whole, the present charge did not shift the burden to appellant and the ruling in *Henderson* is not applicable here. See *Hilton v. State,* 233 Ga. 11 (209 SE2d 606) (1974).

The next two enumerations embrace the general grounds and state that the verdict was not authorized or supported by the evidence. There was sufficient evidence from which the jury could find that appellant conspired and aided in the murder of the victim. This was a jury question under the evidence and the jury resolved it against appellant. We find no error.

The final enumeration of error is that appellant's trial defense counsel was ineffective. Primarily this enumeration is based on appellant's former counsel's failure to object to the introduction into evidence of the sworn testimony taken at the first trial. This appears to have been a logical trial tactic purposefully made by counsel. The standard of effectiveness stated by this court is not to be judged by hindsight nor by the result that appellant was convicted. See *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). As this court stated in *Estes v. Perkins,* "While another lawyer or other lawyers, had they represented the petitioner upon her trial, might have conducted her defense in a different manner, and might have exercised different judgments with respect to matters referred to in her petition, the fact that her

attorneys chose to try petitioner's case in the manner in which it was tried and made certain decisions as to the conduct of her defense with which she and her presently employed attorneys now disagree, does not require a finding that their representation of petitioner was so inadequate as to amount to a denial to her of the effective assistance of counsel." *Estes v. Perkins,* 225 Ga. 268 (167 SE2d 588) (1969). We conclude, under the facts and circumstances of this case, that appellant's trial defense counsel was not constitutionally ineffective and there is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents, and Hill, J., who is disqualified.*

SUBMITTED DECEMBER 29, 1975 — DECIDED JUNE 23, 1976.

*I. Burl Davis, Jr.,* for appellant.

*Fred M. Hasty, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Staff Assistant Attorney General,* for appellee.

GUNTER, Justice, dissenting.

The appellant was convicted at his second trial for murder after his first trial for the same offense had resulted in the declaration of a mistrial by the trial judge for failure of the jurors sitting on the case to reach a verdict of guilty or not guilty. My position on double jeopardy following mistrials in hung-jury criminal cases, where the defendant does not consent to the mistrial, has been made quite clear. See my dissenting opinions in *Cameron v. Caldwell,* 232 Ga. 611 (208 SE2d 441) (1974); *Wood v. State,* 234 Ga. 758 (218 SE2d 47) (1975); and *Orvis v. State,* 237 Ga. 6.

Also, under the circumstances shown in this case, I think the incriminating statement made by the appellant at a time when he was unrepresented by counsel should have been suppressed.

My assessment of and decision on the effective assistance of counsel issue as raised in this appeal is not in agreement with the conclusion reached by the court.

I respectfully dissent.