### 75685. In the Interest of L. E. J.
(365 SE2d 537)

Birdsong, Chief Judge.

This is an appeal by L. E. J., a minor child, who was adjudicated delinquent of two allegations of burglary and one charge of motor vehicle theft, and committed to the custody of the Department of Human Resources. *Held*:

1. Appellant's first enumerated error is that based on the totality of the circumstances, the juvenile court erred by allowing into evidence L. E. J.'s out-of-court statement. Before the juvenile court, appellant's counsel objected to the admission of the out-of-court statement on the grounds that the statement was obtained without L. E. J.'s parents, custodian, or other legal guardian being present. We can find no other specific grounds for objection being made to the admissibility of the statement.

Examining the hearing, transcript and enumerations of error on their four corners, we are satisfied that in this instance appellant has adequately preserved for review the issue of voluntariness of waiver. However, we caution all counsel of the need to base their objections at trial on specific grounds. See *Allen v. State*, 152 Ga. App. 481 (2) (263 SE2d 259).

In *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922), the Supreme Court rejected a per se exclusionary rule to confessions and incriminating statements given outside the presence of a juvenile's parents. Thus, the court declined to hold that the taking of a juvenile's statement without his parents (or guardian) being present would automatically result in prejudicial error. Rather, the court redefined the issue raised as being "whether there was a knowing and intelligent [voluntary] waiver of constitutional rights by appellant"; it concluded that the answer depended on the "totality of the circumstances"; and, it opined that the "state has a heavy burden in showing that the juvenile did understand and waive his rights." The court then adopted the nine-factor test of *West v. United States*, 399 F2d 467, 469, cert. den. 393 U. S. 1102 to analyze waiver voluntariness. *Riley*, supra at 128; *J. E. W. v. State*, 256 Ga. 464 (349 SE2d 713).

Accordingly, we will analyze the issue before us using the *Riley* nine-factor test.

(a) Age of the appellant: At the time of his interrogation, appellant was sixteen years of age. However, it appears that when Detec-

tive Brock initially went to execute the arrest warrants, he was informed by appellant's aunt or cousin, "Shirley," that appellant was age seventeen. Detective Brock testified that appellant's brother confirmed the women's statement as to appellant's age. He also referred to a note that he had from her concerning appellant's age, but that note apparently was not offered in evidence. The trial judge noted for the record that all petitions for arrest contained appellant's correct date of birth. Detective Brock was questioned by appellant's counsel regarding a document, which the detective identified as an arrest warrant listing appellant's actual date of birth. This document, called Defense Exhibit "B" for identification, is not attached to the record and apparently was not admitted in evidence. A supplemental investigative report, attached to the record, reflects that when appellant was being booked, he gave his date of birth as May 17, 1970 (appellant's birth certificate shows that his correct date of birth is May 18, 1970).

(b) Education of appellant: Although the transcript is silent as to appellant's intelligence level, it does reflect that he successfully completed the tenth grade.

(c) Appellant's knowledge of the substance of the charges, and the nature of his rights to consult with an attorney and to remain silent: Although the transcript reflects that Detective Brock did "advise [appellant] of his rights," it does not reflect how this was accomplished so that the accuracy of this advice is not expressly reflected in the transcript. Further, the transcript does not expressly reflect whether appellant was advised before making a statement as to the nature of the charges, although it is clear that the detective did talk to appellant "about the stolen vehicle." The transcript does, however, currently contain appellant's express testimony that he was not advised that he could have a parent or guardian present during his interrogation; that his parent or guardian was not present when he was questioned; that he was unaware Detective Brock was going to use what was "written down" in his statement; and that Detective Brock did not advise appellant of his right to have an attorney present during interrogation. Detective Brock was asked, during appellant's testimony and without formally being recalled as a witness, whether he had a rights waiver in writing. Although the detective responded in the affirmative, the document was not introduced in evidence. Neither appellant's confession nor the written rights waiver are attached to the trial record or transcript. Thus, we are unable to analyze the content of these documents. The transcript further is silent as to whether appellant's guardian was advised that she could be present during appellant's questioning (we assume, based on information in the trial record, that the guardian was Shirley Taylor, appellant's grandmother, aunt or cousin). However, it appears that such did not occur as Detective Brock testified that he believed appellant was age seven-

teen at the time of arrest.

(d) Whether appellant was held incommunicado or allowed to consult with relatives, friends or an attorney: The trial transcript does not provide sufficient information to enable this court to reach a decisive conclusion concerning this factor. However, appellant was taken into custody in, at least, technical violation of the procedures of OCGA § 15-11-19.

(e) Whether the accused was interrogated before or after formal charges had been filed: The record contains the juvenile court complaint, which was filed/received on May 27, 1987. Detective Brock testified that appellant was originally charged as an adult, but he did not provide any information regarding the date of such charges. He also testified that warrants were taken for appellant's arrest and that at least one of them listed appellant's age as sixteen.

(f) Methods used in interrogation: Only Detective Brock interrogated the appellant; interrogation took place in a "little room"; and, no promises or threats were made to the appellant.

(g) Length of interrogation: Interrogation commenced sometime in the afternoon and a statement was obtained by 5:00 p.m.

(h) Whether appellant gave a statement on any prior occasion: He did not.

(i) Whether appellant repudiated an extrajudicial statement at a later date: Appellant testified in court and repudiated his extrajudicial statement made to Detective Brock.

"A confession from a juvenile is scanned with more care and is received with greater caution than an adult." *Bussey v. State,* 144 Ga. App. 875 (243 SE2d 99); see *In re Gault,* 387 U. S. 1, 45 (87 SC 1428, 18 LE2d 527). The posture of the evidence at the hearing on the voluntariness of the juvenile's statement did not fully address the nine factors of *Riley,* supra. Compare the factors known to exist in this case with the facts in *Crawford v. State,* 240 Ga. 321 (240 SE2d 824).

However, at this time, we need not reverse this juvenile adjudication solely on account of this deficiency. The posture of the evidence is such, regarding the issue of voluntariness of rights waiver, that it is possible that the State could overcome the evidentiary deficiency during a post-trial hearing in a juvenile proceeding. In *Crawford,* the Supreme Court recognized that "[u]nder *ordinary* circumstances a post-trial hearing [in a juvenile proceeding] might be adequate to show the totality of the circumstances and the admissibility or inadmissibility of the confession." (Emphasis supplied.) *Crawford,* supra at 325; see *Bussey v. State,* supra (post-trial hearing directed to determine issue of compliance with former Code § 24A-1402 (a)). Accordingly, we follow this course and reverse the delinquency adjudication and remand with direction to the trial court to vacate the order of commitment and the order of disposition, and to hold a post-trial hearing limited

to the receipt of evidence concerning and the resolution of the issue whether the State can meet its heavy burden of establishing appellant's voluntary waiver of rights under the nine-factor test of *Riley*. The trial judge is authorized after this hearing to issue new orders of commitment and disposition if he finds compliance. However, the parties may then enter an appeal, if they wish, pursuant to the law of Georgia.

2. In the light of the foregoing, we intentionally do not pass on the issue of lack of corroboration of appellant's out-of-court statement.

*Judgment reversed with direction. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 4, 1988.

*Stephen S. Goss*, for appellant.
*Robert H. Revell, Jr.*, for appellee.