A90A1251. In the Interest of R. T. D., a child.

(397 SE2d 189)

Sognier, Judge.

R. T. D. was adjudged delinquent in the Juvenile Court of Gwinnett County for having committed an act which, had it been committed by an adult, would constitute the offense of rape. See OCGA § 15-11-37 (2) (A). He appeals.

The record reveals that the act occurred on the night of December 1, 1989, when appellant and a friend offered the 15 year old victim a ride outside a pool hall. The victim testified that she had drunk most of a bottle of wine and smoked marijuana and was "pretty messed up." The victim did not remember much about that night, but did recall waking up at some point in the car with appellant on top of her, attempting intercourse. She also testified that he later threatened her with a gun, and did have intercourse with her in an open field.

Appellant contends the juvenile court erred by allowing into evidence his out-of-court custodial statement, which was obtained outside the presence of his parents or other legal guardian. "In *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922), the Supreme Court rejected a per se exclusionary rule to confessions and incriminating statements given outside the presence of a juvenile's parents. Thus, the court declined to hold that the taking of a juvenile's statement without his parents (or guardian) being present would automatically result in prejudicial error. Rather, the court redefined the issue raised as being 'whether there was a knowing and intelligent (voluntary) waiver of constitutional rights by appellant'; it concluded that the answer depended on the 'totality of the circumstances'; and, it opined that the 'state has a heavy burden in showing that the juvenile did understand and waive his rights.' The court then adopted the nine-factor test of *West v. United States*, 399 F2d 467, 469, cert. den. 393 U. S. 1102 to analyze waiver voluntariness. [Cits.] Accordingly, we will analyze the issue before us using the *Riley* nine-factor test." *In the Interest of L. E. J.*, 185 Ga. App. 743 (1) (365 SE2d 537) (1988).

(a) and (b) The age of the accused and his education: Appellant was fifteen at the time he gave the statement and had completed eighth grade.

(c) Knowledge of the accused as to both the substance of the charge and the nature of his rights to consult with an attorney and remain silent: Although appellant argues that he is unable to read, and therefore his signature on the waiver of rights form introduced by the State is meaningless, Chief Juvenile Court Investigator Jesse Lawler testified that he and Gwinnett County Police Officer Wayne Rikard were present when appellant gave the custodial statement, and that the standard "Advice of Rights to Juveniles" form, which

explains the usual constitutional rights in simple language, was read to appellant in its entirety by Rikard, and that appellant indicated after each portion of it was read that he understood everything.

(d) Whether the accused is held incommunicado or allowed to consult with relatives, friends, or an attorney: It is clear from Lawler's testimony that appellant was offered the right to have an attorney, and that appellant understood that option but declined. Lawler testified that appellant was never held incommunicado, and was offered the opportunity to have his grandmother (with whom he was living) present, but preferred not to include her. Lending credence to appellant's apparent refusal of the offer to have his grandmother present is Lawler's testimony that when appellant was picked up at his home, his grandparents appeared to be hostile to him. ·

(e) Whether the accused was interrogated before or after formal charges had been filed: The formal complaint was not filed until after the interrogation, but it is clear that appellant was under arrest and in custody when questioned.

(f) Methods used in interrogation: Appellant was interviewed in the Youth Development Center conference room by officials wearing plain clothes, and no weapons were present. Lawler testified that appellant was neither threatened with nor promised anything. A court reporter was present.

(g) Length of interrogation: Appellant's rights were read to him at 5:45 p.m., the statement began at 6:00 p.m., and was concluded at 6:50 p.m.

(h) Whether the accused gave a statement on any prior occasion: There is no evidence that he did so.

(i) Whether the accused has repudiated an extrajudicial statement at a later date: Appellant never denied making the statement, and testified at trial that he made the statement voluntarily. Although his testimony at trial differed from the statement, he testified that this was because he had earlier lied to the police, or could not remember what he had said earlier.

"The question of whether or not a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted . . . unless such determination is clearly erroneous." (Citations and punctuation omitted.) *J.E.W. v. State*, 256 Ga. 464, 467 (349 SE2d 713) (1986). The juvenile court heard testimony encompassing all nine factors, and considering the totality of the circumstances in this case we cannot say that its decision, that appellant made a knowing and intelligent waiver of his right to be questioned in the presence of a relative, was clearly erroneous. Accordingly, we affirm.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 11, 1990.

*Ronnie K. Batchelor,* for appellant.
*Phyllis Miller, Solicitor,* for appellee.