S93A0941. SMITH v. THE STATE.
(434 SE2d 465)

SEARS-COLLINS, Justice.

The appellant, Jamaine Smith, a minor at the time the crimes in question were committed, was tried as an adult and was convicted of malice murder and possession of a firearm during the commission of a crime.[1] He was sentenced to life imprisonment for murder, and five years consecutive for possession of a firearm during the commission of a crime. We affirm.

The evidence revealed that on August 17, 1991, 16-year-old Jamaine Smith shot and killed Lawrence Sams over $20 worth of crack cocaine. Several days later, the police questioned Smith twice about the shooting. Between the two periods of questioning, Smith's stepfather told the police detective to cease the questioning. Smith was unaware of that conversation. During the second interview, Smith signed a waiver of his constitutional rights and confessed to the murder.

1. When considered in the light most favorable to the verdict, we find that the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Smith is guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Smith's sole contention is that the trial court erred in admitting into evidence the second statement he gave to the police. He contends that the state did not meet the heavy burden of showing that Smith made a knowing and intelligent waiver of his rights under the

---

[1] The crimes were committed on August 17, 1991. Smith was indicted on October 9, 1991, tried February 5-6, 1992, and sentenced February 6, 1992. Smith filed a motion for new trial on February 25, 1992. The transcript was certified by the court reporter on March 14, 1992, and Smith's motion for new trial was denied on May 28, 1992. No notice of appeal was filed within 30 days; however, Smith requested and was granted an out-of-time appeal on February 25, 1993. Smith filed his notice of appeal February 25, 1993. The appeal was docketed in this Court on March 26, 1993, and was submitted without oral argument on May 7, 1993.

totality of the circumstances test we established in *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976). Specifically, he contends that *Riley* was not met because the police did not adequately inform him of his rights, did not permit him to contact his girl friend, and did not tell him that his stepfather had asked the police to stop the interview. We find no error.

In *Riley* we held that the admissibility of a juvenile's statement turns on whether the juvenile knowingly and voluntarily waived his constitutional rights and that the state has a heavy burden in showing that a juvenile did so. Whether a juvenile has made a knowing and voluntary waiver of his rights depends on the totality of the circumstances, with consideration given to nine specific factors.[2] Id. at 128. Accord *Marshall v. State*, 248 Ga. 227, 228-231 (282 SE2d 301) (1981); *State v. McBride*, 261 Ga. 60, 63-64 (2) (b) (401 SE2d 484) (1991).

Turning to this case, the record reveals, contrary to Smith's contention, that there was sufficient evidence for the trial court to find that Smith was informed of his rights,[3] and was given an opportunity to telephone his girl friend, but declined it. Moreover, although it is undisputed that the stepfather asked the police to stop the interview, this request does not require an automatic exclusion of the statement. We have held that a juvenile can knowingly and voluntarily waive his rights without the presence of a parent or guardian. *Riley*, supra, 237 Ga. at 128. We have also held that the exclusion of a juvenile's statement was not required where the police did not contact the juvenile's parents before the interrogation, and refused to allow a relative of the juvenile's to speak with the juvenile while he was at the police station. *McBride*, supra, 261 Ga. at 63-64. We conclude that in this case the detective's failure to inform Smith of his stepfather's request does not render the statement inadmissible.[4] Further, considering the totality

---

[2] These factors are the age of the accused; the education of the accused; the accused's knowledge of the nature of the charges against him and of his right to consult with an attorney; whether the accused was held incommunicado or allowed to consult with relatives or an attorney; whether the accused was interrogated before or after formal charges had been filed; the methods used in the interrogation; the length of the interrogation; whether the accused refused to voluntarily give statements on prior occasions; and whether the accused repudiated an extrajudicial statement at a later date. See *State v. McBride*, 261 Ga. 60, 63-64 (2) (b) (401 SE2d 484) (1991).

[3] The detective who interviewed Smith testified that he first read Smith his rights and then gave Smith the opportunity to read them himself. According to the detective, the form he read Smith and which Smith then read himself informed Smith that he had the right to remain silent and to refuse to answer questions at any time; that anything he said could be used against him in a court of law; that he had the right to talk to a lawyer or anyone else of his choice before being asked any questions and to have the person of his choice present during questioning; and that he had the right to a lawyer of his choice or, if he could not afford one, to a lawyer appointed by the court.

[4] At one point in his brief, Smith states that he should be deemed to have invoked his

of the circumstances,[5] we conclude that Smith knowingly and intelligently waived his rights and voluntarily made the statement in question.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1993.

*Stephen H. Harris,* for appellant.

*Spencer Lawton, Jr., District Attorney, Larry Chisolm, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney,* for appellee.

---

right to silence and at another point he states that he should be deemed to have invoked his right to counsel. Smith does not state why he should be deemed to have invoked both of these rights, and he offers no argument or citation of authority in support of these positions. We assume that Smith means that his stepfather effectively invoked both of those rights for Smith by directing the officer not to interview Smith any further. However, because of the lack of argument or citation of authority to that effect, Smith has not properly raised these issues on appeal. Rule 45 of the Supreme Court of Georgia.

[5] These circumstances include that Smith had an eighth grade education at the time of the interrogation and could read and write; that Smith was informed of the nature of the charges against him; that the police informed him of his rights, including the right to have an attorney or anyone else of his choosing present during the questioning; that Smith told the officer conducting the interview that he understood those rights and initialed a space on a form indicating that he did so; that Smith's first interview lasted 45 minutes and the second interview 30 minutes; that although Smith's first interview began at 9:15 a.m. and his second interview ended at 2:15 p.m., Smith voluntarily remained at the police station between the two interviews; that no coercive tactics were used during the questioning; that Smith never refused to answer police questions and never requested the presence of a lawyer, parent, or friend during questioning; and that Smith had been arrested on six previous occasions and only lived part of the time with his mother and stepfather. *Riley,* supra, 237 Ga. at 128; *McBride,* supra, 261 Ga. at 63-64.