## S02A0844. JAMES v. THE STATE.
### (565 SE2d 802)

HUNSTEIN, Justice.

Kristy James was sentenced to life imprisonment for the shooting death of Ricky Early. She appeals from the denial of her amended motion for new trial.[1] Finding no reversible error, we affirm.

1. The evidence presented at trial authorized the jury to find that the 15-year-old appellant had recently moved out of her southeast Atlanta home and into the residence across the street with her friend and co-defendant Keishua Zeigler. Appellant and the murder victim knew each other and on the day of the murder had been involved in an argument. That same day appellant sent the victim a telephone page. In response to the page, the victim met appellant and Zeigler at Zeigler's residence. The victim, appellant and Zeigler got into the victim's car and drove away. When the car was only a short distance from the residence appellant pulled out a gun and pointed it at the victim, prompting him to say to appellant, "Oh, bitch, you going to shoot me?" When the vehicle stopped at the next stop sign appellant placed the gun at the victim's temple and pulled the trigger. Appellant and Zeigler then ran back to Zeigler's house where the investigating officers found them after eyewitness information identified appellant and Zeigler as being involved in the shooting. The victim died after being on life-support. Expert medical

---

[1] The crimes occurred on September 14, 1994. James was indicted by the Fulton County grand jury on January 20, 1995 for malice murder, felony murder, armed robbery, and aggravated assault. She was tried and convicted of malice murder, felony murder and aggravated assault on August 28, 1995 and sentenced to life imprisonment on September 8, 1995. A motion for new trial filed on October 5, 1995 and amended on September 5, 2001 was denied on November 20, 2001. James filed her notice of appeal on November 29, 2001 and an amended notice of appeal on January 2, 2002. The appeal was docketed in this Court on February 21, 2002 and submitted for decision on the briefs.

testimony established that the bullet which killed the victim entered his temple and damaged the frontal lobe of his brain and caused skull fractures and hemorrhaging. During the police interrogation appellant gave an audiotaped confession in which she told police that she had shot the victim. However, at trial appellant denied any involvement in the shooting claiming instead that Zeigler "came out of nowhere" and shot the victim and then coerced appellant into giving a false confession.

Viewed in a light most favorable to the verdict, we find the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which she was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After conducting a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), and after considering the nine factors set forth in *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976) for determining the voluntariness of a juvenile's incriminating statement, the trial court admitted appellant's custodial statement.[2] See also *State v. McBride*, 261 Ga. 60, 63-64 (2) (b) (401 SE2d 484) (1991). The trial court determined that the evidence established that appellant's parents were informed by the police of appellant's arrest and interrogation and that they waived their right to be present and participate during the interrogation; that appellant who was 15 years old at the time and educated through the ninth grade, had an appreciation for the consequences of making a statement without an attorney or a parent present during the custodial interrogation and knowingly waived her rights; and that the interview was short and unintrusive. The trial court sits as the factfinder in a *Jackson-Denno* hearing and its resolution of factual issues will be upheld by the appellate court unless it is clearly erroneous. *J. E. W. v. State*, 256 Ga. 464 (2) (349 SE2d 713) (1986). Considering the totality of the circumstances, *Smith v. State*, 263 Ga. 363 (2) (434 SE2d 465) (1993); *Riley*, supra, 237 Ga. at 128, we conclude that appellant knowingly and intelligently waived her rights and uphold the trial court's finding that the confession should not be suppressed.

3. Even assuming, arguendo, that it was error for appellant's tape-recorded statement to go out with the jury during deliberations, see *Fields v. State*, 266 Ga. 241 (2) (466 SE2d 202) (1996); compare *Lane v. State*, 247 Ga. 19 (4) (273 SE2d 397) (1981), because of the other overwhelming evidence in the case against appellant, we find it highly probable that the error did not contribute to the judgment.

---

[2] The record shows that the motion to exclude the incriminating statement was denied after a hearing. However, we note that the hearing was not transcribed or included in the record on appeal.

*Fields*, supra, 266 Ga. at 244 (2); *Owens v. State*, 248 Ga. 629, 631 (284 SE2d 408) (1981).

4. During trial, appellant's co-defendant entered a guilty plea to hindering the apprehension or punishment of a criminal. Appellant asked the court to conduct an in-camera inspection of the State's file and to seal the file for the purpose of determining whether the agreement with the co-defendant had been achieved prior to the commencement of the trial and to also determine whether anything in the co-defendant's statement was exculpatory. An inspection of the prosecutor's file was unnecessary since the entire file was open and available to appellant, see *Crowe v. State*, 265 Ga. 582 (8) (458 SE2d 799) (1995); appellant had already reviewed the co-defendant's statement; and the existence of an agreement before trial amounts to mere speculation on the part of appellant.

5. In a pretrial hearing conducted on appellant's notice of intent to present evidence of acts of violence by the victim toward a third party, appellant presented testimony regarding an incident in which the victim had been convicted of armed robbery in order to show that the crime met the exception to the rule prohibiting introduction of the victim's character and prior acts.[3] Initially, the trial court ruled that it would allow in the character evidence but decided to reverse the ruling when appellant failed to demonstrate at trial that any threats by the victim were directed at her or that she had in fact acted in self-defense. *Knight v. State*, 271 Ga. 557 (4) (521 SE2d 819) (1999). Because appellant failed to make a prima facie showing of justification, we conclude it was not error for the trial court to exclude evidence of the robbery conviction as a prior act of violence attributable to the victim against a third party. Id.

6. Appellant contends that the trial court erred in failing to charge the jury on self-defense and that trial counsel's failure to reserve objections to the trial court's charge constituted ineffective assistance of counsel. A trial court does not err in failing to charge without request on an affirmative defense unless it is the defendant's sole defense. *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). Although appellant claimed that the victim slapped her on the day of his death, appellant did not pursue a justification defense at trial, claiming instead that her co-defendant shot the victim from the back seat of the car. Therefore, the self-defense charge was not warranted. It follows that because the evidence did not authorize a charge on self-defense, trial counsel did not perform deficiently in failing to reserve objections to the trial court's charges. *Butts v. State*,

---

[3] "[A] crime is no less punishable if committed against a bad person than if it were perpetrated against a good person." *Johnson v. State*, 270 Ga. 234 (3) (507 SE2d 737) (1998).

273 Ga. 760 (18) (546 SE2d 472) (2001).
*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 24, 2002 —
RECONSIDERATION DENIED JULY 26, 2002.

*David D. Bishop*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.