A04A1368. LIVINGSTON v. THE STATE.
(600 SE2d 817)

ANDREWS, Presiding Judge.

Jonathan B. Livingston was found guilty by a jury of trafficking in cocaine and possession with intent to distribute a Schedule I controlled substance known as 3, 4-methylenedioxyamphetamine. He claims: (1) that there was a lack of evidence at trial identifying him as the person who committed the crimes charged in the indictment, and (2) that the trial court erred by admitting evidence of an incriminating statement he gave to police during custodial interrogation because the State failed to produce any evidence that he knowingly waived his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), prior to making the statement.

1. There is no merit in Livingston's claim that there was a lack of evidence at trial identifying him as the person who was charged in the indictment. The indictment shows that "Jonathan B. Livingston" was the defendant charged with the offenses at issue. A police officer testified at trial and identified Livingston by name as the person he arrested for the charged offenses. Livingston testified at trial and stated for the record that his name was Jonathan Brandon Livingston. There was ample evidence for the jury to find beyond a reasonable doubt that the defendant at trial was the same person charged in the indictment. *Robinson v. State*, 231 Ga. App. 368-369 (498 SE2d 579) (1998).

The State produced additional evidence that Livingston was a passenger in a car stopped by police for a traffic violation on Interstate 75. The officer who made the stop testified that the driver gave him consent to search the car and that he found a bag under the passenger-side front seat containing suspected cocaine and other suspected contraband. The officer further testified that, after Livingston was arrested, he gave a statement that the bag containing the contraband belonged to him and not to the driver. Livingston testified, however, that the contraband did not belong to him and that he gave the statement under duress. A forensic chemist from the State Crime Lab testified that one of the substances in the bag tested positive for cocaine with a weight of 80.95 grams and a purity of 49.2 percent cocaine, and that the other substance tested positive for 3, 4-methylenedioxyamphetamine, commonly known as ecstasy. Livingston does not otherwise challenge the sufficiency of the evidence, and upon review of the record, we find the evidence was sufficient for a rational trier of fact to find Livingston guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Livingston also claims the trial court erred by admitting into evidence the custodial statement he gave to police in which he admitted that the cocaine and other contraband which formed the basis for the charges belonged to him. The trial court conducted a pre-trial hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), to determine whether the statement was voluntarily made after Livingston had knowingly and intelligently waived his rights under *Miranda*, supra. We find no evidence at the hearing supporting a claim that the statement was not voluntary because Livingston was under duress as the result of coercive police tactics. However, the evidence produced at the hearing could support Livingston's claim that, after being informed of *Miranda* rights, the State failed to carry its burden of showing that he knowingly waived those rights, either expressly or implicitly, prior to making the statement. See *Williams v. State*, 244 Ga. 485, 488-489 (260 SE2d

879) (1979); *North Carolina v. Butler*, 441 U. S. 369, 373-376 (99 SC 1755, 60 LE2d 286) (1979); *Tague v. Louisiana*, 444 U. S. 469 (100 SC 652, 62 LE2d 622) (1980). At the conclusion of the hearing, the trial court made a preliminary finding that Livingston's statement was voluntary, without explanation, but the court made no specific findings that, after being advised of *Miranda* rights, Livingston understood them and knowingly and voluntarily waived them prior to giving the statement.

Where there is evidence which could authorize the exclusion of the statement on these grounds, and the trial court fails to make specific findings on the issue, a remand is necessary for the trial court to enter findings on this issue. *Berry v. State*, 254 Ga. 101, 104 (326 SE2d 748) (1985). Accordingly, the case is remanded, and the trial court is directed to enter findings, after further hearing if necessary, as to whether Livingston understood and knowingly waived his *Miranda* rights. If the trial court finds that Livingston waived his *Miranda* rights prior to making the statement, the judgment of conviction will stand affirmed, subject to Livingston's right to appeal that determination. If, however, the trial court determines that the State failed to carry its burden to prove that Livingston waived his *Miranda* rights prior to making the statement, Livingston shall be granted a new trial at which his statement shall not be admissible in evidence. *Berry*, 254 Ga. at 104.

*Judgment affirmed on condition and remanded with direction. Miller and Ellington, JJ., concur.*

DECIDED JUNE 15, 2004.

*David E. Slemons*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.