**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 8, 2016**

# In the Court of Appeals of Georgia

A16A0849. IN THE INTEREST OF: K. H., A CHILD.

PHIPPS, Presiding Judge.

The State filed a delinquency petition against 15-year-old K. H., charging her with possession of less than one ounce of marijuana[1] and giving false statements.[2] The juvenile court thereafter denied K. H.'s motion to suppress incriminating statements she had made to police. We granted K. H.'s petition for interlocutory review to consider whether the court erred in denying her motion. Because the juvenile court did not properly determine whether K. H.'s statements were made voluntarily, we remand the case for further proceedings consistent with this opinion.

---

[1] See OCGA § 16-13-30 (j).

[2] See OCGA § 16-10-20.

As an initial matter, we note that the juvenile court failed to transmit a transcript of the hearing on the motion to suppress, although, in her notice of appeal, K. H. requested that nothing be omitted from the record. The court reporter was apparently unable to transcribe the hearing due to an equipment malfunction.[3] Instead, the juvenile court, with the consent of the parties, transmitted an audio recording.[4] The sound quality of the audio recording, however, is so poor as to be unintelligible, and we have not considered it here.

"On appeal from a ruling on a motion to suppress, we defer to the trial court's factual findings and credibility determinations, but review de novo the court's application of the law to the undisputed facts."[5] And, to the extent that the controlling facts are "plainly discernable" from a recording, we review those facts de novo.[6]

---

[3] See Court of Appeals Rule 17 (it is the duty of the clerk of the trial court to transmit to this Court the original transcript and copies of all records).

[4] See OCGA § 5-6-41 (g) and (i) (authorizing the parties to file a substitute transcript or a "stipulation of the case showing how the questions arose and were decided in the trial court" in lieu of a transcript).

[5] *State v. Depol*, 336 Ga. App. 191 (784 SE2d 51) (2016).

[6] See id. See also *Mack v. State*, 296 Ga. 239, 241 (1) (765 SE2d 896) (2014) (de novo review of videotaped interview to determine if the defendant waived his Fifth Amendment rights and, thus, whether the trial court erred in denying his motion to suppress).

The limited record before us, which includes the video recording of the encounter between K. H. and the police, shows the following. On the early morning of June 7, 2015, a Newnan police officer saw a car parked in a commercial area. The officer approached the parked car and knocked on the window, and the 19-year-old driver opened the door. K. H. was in the passenger seat. The officer smelled a strong odor of marijuana, and the driver handed the officer an object that appeared to be a marijuana cigarette.

The driver identified himself, and the officer extracted the driver from the vehicle. The driver admitted that they had been smoking marijuana and consented to a search of the vehicle. A second officer then patted down the driver.

K. H. exited the vehicle. An officer asked her for identification, and she replied that she had none. In response to police questioning, K. H. gave her full name and a date of birth that would have made her 18 years old. The officer then searched the car, while K. H. and the driver stood with two other officers.

After the search, the officer who had initiated the encounter asked K. H. and the driver which one of them wanted to "own up to the marijuana." The driver motioned toward K. H., and K. H. pointed to herself and said that she had purchased the marijuana. The driver was handcuffed, told that he would be charged with

3

misdemeanor possession of marijuana, and placed in a patrol car. K. H. was also placed in a patrol car. After running K. H.'s name through the system, the officers realized that she was, in fact, only 15 years old.

K. H. filed a motion to suppress her statements claiming ownership of the marijuana, arguing that the statements were not voluntary because she was unlawfully questioned without first being given *Miranda* warnings and, thus, her statements were obtained in violation of her Fifth Amendment right against self-incrimination.[7] Following a *Jackson-Denno* hearing,[8] the juvenile court denied the motion.

On appeal, K. H. contends that the juvenile court failed to properly consider her motion to suppress and should have excluded her statements to police because she was in custody and had not yet been advised of her *Miranda* rights, and the officer's question was intended to invoke an incriminating response.[9]

---

[7] See *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

[8] *Jackson v. Denno*, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

[9] See generally *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976) (setting forth nine factors that trial courts must consider in deciding whether to exclude a juvenile's confession because it was not made voluntarily).

"The state bears the burden of demonstrating the voluntariness of a custodial statement by a preponderance of the evidence."[10]

> *Miranda* warnings must be administered to an accused when the accused is in custody and subjected to interrogation or its functional equivalent, i.e., any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.[11]

Whether a person is "in custody" for *Miranda* purposes depends "upon the objective circumstances attending the particular interrogation at issue, and not upon the subjective views of either the person being interrogated or the interrogating officer."[12] "[A]lthough officers may make initial on-the-scene inquiries without *Miranda* warnings to ascertain the nature of the situation at hand, the questioning must *not* be aimed at obtaining information to establish a suspect's guilt."[13]

---

[10] *Amador v. State*, 310 Ga. App. 280, 282 (2) (713 SE2d 423) (2011) (footnote omitted).

[11] *Dailey v. State*, 313 Ga. App. 809, 815-816 (1) (723 SE2d 43) (2012).

[12] *Thompson v. State*, 313 Ga. App. 844, 846-847 (1) (723 SE2d 85) (2012) (punctuation and footnote omitted).

[13] Id. at 848 (1) (punctuation and footnote omitted; emphasis in original) (holding that "after producing drug paraphernalia, admitting to owning same, and admitting to recently buying and using drugs, a reasonable person would certainly perceive himself to be in police custody").

We agree with K. H. that the juvenile court failed to properly consider her motion to suppress. However, we are unable to review K. H.'s substantive claim of error at this time because "there is in this case no actual ruling or finding in the record showing that the trial judge determined the voluntariness of the confession."[14] The juvenile court's order made no findings regarding the voluntariness of K. H.'s statements or whether she was in custody. Rather, the juvenile court addressed only whether police had probable cause to approach the vehicle and request permission to search.

Because the juvenile court did not rule on the voluntariness of K. H.'s statements, the case must be remanded.[15] Upon remand, the juvenile court is directed

---

[14] *Hicks v. State*, 255 Ga. 503, 504 (1) (340 SE2d 604) (1986) (holding that where the trial court implicitly denied the defendant's motion to suppress, but neither expressly denied the motion nor explained its ruling, claim of error could not be reviewed).

[15] See id. See also *Livingston v. State*, 267 Ga. App. 875, 876 (2) (600 SE2d 817) (2004) (where there was evidence which could authorize the exclusion of the defendant's statements, and the trial court failed to make specific findings, remand was necessary for the trial court to enter findings on whether the defendant understood and knowingly waived his *Miranda* rights). Compare *Nelson v. State*, 208 Ga. App. 686, 687 (1) (431 SE2d 464) (1993) ("where there is *no* evidence which would authorize the trial court to find that appellant's statement was *not* voluntarily given there is no reason to remand for findings of fact as to the voluntariness of appellant's statement") (citation and punctuation omitted; emphasis in original).

to enter its findings, after further hearing if necessary, as to whether K. H. was in custody and whether her statements were made voluntarily.[16]

*Case remanded with direction. Dillard and Peterson, JJ., concur.*

---

[16] See *Berry v. State*, 254 Ga. 101, 104 (1) (326 SE2d 748) (1985). See also *Reaves v. State*, 284 Ga. 181, 182 (1) (664 SE2d 211) (2008) (remanding the case for the trial court to make findings of fact necessary to determine whether the defendant was in custody prior to his first *Miranda* warning).