## 70455. PERRY v. THE STATE.
(333 SE2d 178)

BIRDSONG, Presiding Judge.

James Jerome Perry was convicted of aggravated assault, carrying a pistol without a license, and carrying a concealed weapon. He was sentenced to twelve years for the assault and twelve months each on the weapons charges to run consecutively so that the total time to serve was fourteen years. Though Perry does not dispute the sufficiency of the evidence to sustain the conviction, he brings this appeal asserting the single enumeration of error that the trial court erred in allowing into evidence a pretrial statement because Perry was not fully aware of the implications of the statement. *Held:*

Perry argues that in admitting a statement a trial court must consider the totality of the circumstances surrounding the giving of the statement. See *Fowler v. State,* 246 Ga. 256 (271 SE2d 168). *Riley v. State,* 237 Ga. 124 (226 SE2d 922) recognized a nine-part test as applying in Georgia in making the initial determination of admissibility. These points are: (1) the age of the defendant; (2) his education; (3) his understanding of the charge and the right to consult with and

have counsel present during any interrogation including his right to remain silent; (4) whether appellant was held incommunicado or refused the right to see friends or relatives; (5) interrogation before formal charges were referred; (6) methods of interrogation; (7) length of interrogation; (8) prior experience in giving custodial statements; and (9) subsequent repudiation.

The interrogating officer testified that Perry had been held overnight prior to interrogation but that Perry by his silence had made no request for release or a visit from friends or relatives; that the questioning lasted about fifteen minutes; the interrogation was preceded by a full *Miranda* warning and only after Perry was advised that he was being questioned about an aggravated assault arising out of a shooting incident. Perry did not seriously contest the voluntariness of the statement except upon the basis of his educational insufficiency and a failure to inform him that the statement related to an aggravated assault. In substance, Perry contended that he thought he was explaining his actions as being in self-defense and that the purpose of his statement was to exonerate him, not inculpate him. Inasmuch as he did not fully understand the implications of his pretrial statement, he argues the state did not meet its burden of showing by a preponderance of the evidence that the statement met the standards of voluntariness accepted by the Supreme Court in *Riley*, supra.

The trial court conducted a *Jackson-Denno* hearing and heard testimony by the interrogating officer and by Perry. If the testimony of the officer was accepted by the trial court, the court would fully be warranted in concluding that the statement given by Perry met all the standards of voluntariness. The trial court had before it and could observe the demeanor and understanding of the appellant. It was the court's duty and function to resolve conflicts in the evidence pertaining to voluntariness. This the court did when it concluded the statement met the standards of voluntariness and admitted the statement for the consideration of the jury.

In Georgia where the question of voluntariness is raised by a defendant, the threshold question is determined by the trial court. *Jackson v. State*, 239 Ga. 449, 450 (238 SE2d 31). Factual and credibility determinations pertaining to voluntariness made by a trial judge after a suppression hearing must be accepted by an appellate court unless such determinations are clearly erroneous. *Johnson v. State*, 233 Ga. 58 (209 SE2d 629); *Gamarra v. State*, 142 Ga. App. 196, 197 (1) (235 SE2d 652). The mere fact that Perry did not possess a higher degree of education or understanding in and of itself did not furnish any ground for rejecting his statement (*Goodwin v. State*, 236 Ga. 339 (223 SE2d 703)) nor does the fact that Perry may have reared the hope of exoneration in his own mind furnish any ground for the exclusion of his statement. *Denson v. State*, 149 Ga. App. 453, 454

(254 SE2d 455). Examining the totality of the evidence presented during the suppression hearing, we are satisfied that the trial court did not err in overruling the motion and allowing the statement to come to the jury's attention.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JULY 3, 1985.

*Ben F. Hendricks*, for appellant.

*John M. Ott, District Attorney, Steven A. Hathorn, Assistant District Attorney*, for appellee.