## A02A0128. SMITH v. THE STATE.
### (560 SE2d 348)

MIKELL, Judge.

A jury convicted Douglas Shane Smith of burglary, OCGA § 16-7-1, for entering Bainbridge High School without authority and removing computer CDs, photographs, and picture frames. The court sentenced Smith to five years to ·serve and ten years on probation. Smith appeals, arguing that the evidence was insufficient to support his conviction. We affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a

---

[3] We need not address whether Dotson filed a proper demand for trial with the superior court.

reasonable doubt. *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

Viewed in the light most favorable to the verdict, the evidence shows that on the night of January 6, 2001, Bainbridge High School was entered and vandalized. Officer Ryan Wimberly of the Bainbridge Department of Public Safety was the first officer to report to the high school, where the security alarm had been triggered. Officer Wimberly discovered an open door, and upon entering the building, he observed that a fire extinguisher had been sprayed in the hallway. The officer also noticed that cleaning supplies had been spilled on the floors and sprayed on the walls, pamphlets had been knocked off shelves and scattered over the school lobby, and the personal property of a teacher had been knocked off her desk and shelves.

Chief Paul Gordon of the Decatur County School Police Department also responded to the alarm. Chief Gordon testified that a classroom had been vandalized, describing it as "pretty much a wreck." He observed the damage from the fire extinguisher and the cleaning supplies. At trial, Chief Gordon identified computer CDs, picture frames, and photographs of a teacher's daughter that were removed from the school on the night in question. He also identified a wooden heart with a prayer printed on it that had been taken from the vandalized classroom.

The record further shows that Alton Brock, an officer with the Bainbridge Department of Public Safety, responded to the alarm. After helping to secure the building, Officer Brock began patrolling the area. He encountered four young white males in the vicinity approximately an hour and a half after the school was vandalized. Officer Brock identified the young men as the defendant Smith, Jordan Dodd, Mark Stewart, and Brandon Bell. Dodd, Stewart, and Bell were juveniles at the time of the incident, and Smith was an adult. Officer Brock testified that the young men told him they were on their way to their friend Jason Moody's home. The officer spoke with the young men for about ten minutes and released them after recording their names and addresses. Investigator Brian Donaldson subsequently interviewed Stewart and Bell, who gave full confessions.[1]

Bell testified at trial that he, Smith, Dodd, Stewart, and Moody entered the high school on January 6, 2001. He further testified that the young men vandalized the school by spraying bleach on the floors, going through lockers, and spraying the fire extinguisher. Bell also recalled hearing something break. Bell identified Smith and tes-

---

[1] Investigator Donaldson also interviewed Dodd and Moody; however, the young men were not present at the trial. Dodd had been reported as a runaway. The whereabouts of Moody were not clear from the record. The court did not permit Investigator Donaldson to testify about the interviews with Dodd or Moody.

tified that Smith was not wearing a backpack when they entered the school but that he was wearing one when they left. According to Bell, he took a backpack from a locker and gave it to Smith, who used it to carry "CD's and stuff" out of the school. Bell confirmed that there were picture frames in the backpack when Smith carried it out. Stewart also testified that Smith was with the other young men when they entered and vandalized the school and that Smith had "a book bag full of stuff" that he took from the school.

On appeal, Smith argues that the evidence was insufficient to support his conviction. He contends that Bell was not a credible witness. Additionally, Smith emphasizes his own testimony that, contrary to Bell's account, Smith did not accompany the other young men to the school.

It is well settled that "resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court." (Citation and punctuation omitted.) *Givens v. State*, 273 Ga. 818, 819 (1) (546 SE2d 509) (2001). OCGA § 16-7-1 (a) provides: "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within . . . any building." Contrary to Smith's argument, we conclude that the evidence presented at trial was sufficient to enable a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. See *Williams*, supra. Accordingly, we affirm the conviction.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 15, 2002.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Richard L. Parker, Assistant District Attorney*, for appellee.