## S02A0006. ELLIS v. THE STATE.
### (561 SE2d 117)

THOMPSON, Justice.

A jury convicted Jason Ellis of felony murder resulting from the shooting death of Robert Brown.[1] On appeal, Ellis challenges the admissibility of his custodial statement and submits that the trial court erred in recharging the jury on an unrequested point of law. Finding no error, we affirm.

James Washington and Angel Ambles were at home in their apartment when they were visited by Robert Brown and Wapoinica Coggins. Coggins took Ambles aside and told her that she brought Brown to the apartment as a set up and that Ellis was to show up for the purpose of robbing him. At that point, a masked gunman kicked in the front door and Washington, Ambles, and Coggins escaped through the back door. The gunman encountered Brown inside the apartment. Washington heard a gunshot, returned to his apartment to find Brown lying on the floor, and then summoned the police. The cause of death was a single gunshot to the chest.

When the investigation led to Ellis, an arrest warrant was obtained, and he was arrested at his home on the day following the shooting. After waiving *Miranda* rights, Ellis admitted that he received a call from Coggins who solicited his help in robbing the victim; that Ellis and a friend, Ray Holder, obtained a gun for that purpose; that Ellis drove Holder to Washington's apartment complex; but that Holder was the shooter.

1. The evidence adduced at trial was sufficient to enable a

---

[1] The crime took place on September 28, 2000. An indictment was returned on October 3, 2000, charging Ellis with malice murder, felony murder with the underlying felony of criminal attempt to commit armed robbery, and a separate count of criminal attempt to commit armed robbery. Prior to trial, the State entered an order of nolle prosequi with respect to the third count. A jury trial commenced on April 4, 2001, and on the following day, Ellis was acquitted of malice murder and convicted of felony murder. He was sentenced to life imprisonment on April 5, 2001. A motion for new trial was filed on April 24, 2001, amended on August 17, 2001, and denied on August 20, 2001. A notice of appeal was filed on August 24, 2001. The case was docketed in this Court on September 18, 2001, and was submitted for decision on briefs on November 12, 2001.

rational trier of fact to find Ellis guilty beyond a reasonable doubt of felony murder or as a party to the crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At a *Jackson v. Denno* hearing to determine the admissibility of Ellis' custodial statement, the evidence established the following: When the police executed the arrest warrant, Ellis was told that he was under arrest for the murder of Robert Brown. Ellis was handcuffed and placed in a patrol car where he was read his *Miranda* rights and acknowledged that he understood those rights. He was immediately taken to the police department where the officers again advised him of his *Miranda* rights, this time using a written waiver form; and he was asked to read along. When Ellis disclosed that he could not read very well, an officer read each section to him individually, asked if he understood the contents, and offered a further explanation if he did not. Ellis acknowledged his understanding of the contents of the first four sections, but questioned the officer about the final one, i.e., that he can decide at any time to exercise his rights and decline to give a statement. After receiving an additional explanation, Ellis acknowledged his understanding and he executed a written waiver. An audiotape was made of the interview which followed. Defendant never asserted his right to an attorney during this initial interview.[2]

The trial court concluded that Ellis had been advised of his *Miranda* rights, that he understood them, that he executed a voluntary waiver, and that his subsequent statement was freely and voluntarily given. Even considering that Ellis had achieved only a sixth-grade education, and his ability to read is limited, the trial court's ruling was not clearly erroneous. See *Robinson v. State*, 272 Ga. 752 (4) (533 SE2d 718) (2000); *Moody v. State*, 205 Ga. App. 376 (1) (422 SE2d 70) (1992).

3. At trial, Ellis asserted a defense of abandonment. During deliberations, the jury asked for a recharge on "the legal definition of abandonment." The trial judge recharged the jury on the law of conspiracy, as well as withdrawal from a conspiracy, and renunciation of criminal purpose. Ellis objected to the recharge on conspiracy because it was not requested. The court responded that a charge on conspiracy was required in order to explain abandonment.

First, the recharge was beneficial to Ellis because it provided two separate grounds upon which the jury could base an acquittal. Nor do we find that the court abused its discretion in determining that renunciation must be explained within the context of a conspiracy.

---

[2] A subsequent interview was terminated when Ellis asked if he was being charged with a crime and, following an affirmative response by police, he requested an attorney.

" '[W]here the jury requests further instructions upon a particular phase of the case, the court in (its) discretion may recharge them in full, or only upon the point or points requested.' [Cits.]" (Emphasis omitted.) *Duffie v. State*, 273 Ga. 314, 316 (2) (540 SE2d 194) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 2002.

*Virgil L. Brown & Associates, Larkin M. Lee, T. Robert Perkerson,* for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General,* for appellee.