S02A0727. REYNOLDS v. THE STATE.
(569 SE2d 847)

FLETCHER, Chief Justice.
A jury convicted Nathaniel Reynolds of malice murder and other

charges in the robbery and shooting death of Le-Andre Barnes.[1] Reynolds appeals, challenging the trial court's failure to instruct the jury on defense of a third party. Because the evidence did not warrant the charge, there was no error in failing to give it, and we affirm.

1. The evidence at trial showed that Barnes, his wife, and a friend were at a gas station when they asked Reynolds, his brother (Jamal Reynolds), and Farah Shaheed for directions to the nearest hotel. As Barnes's group walked away, Nathaniel, Jamal, and Shaheed decided to rob them. They approached the victims and demanded money. While Reynolds pointed a gun at the victims, Jamal and Shaheed searched the victim's pockets. After Jamal had searched Barnes's pockets, Barnes grabbed him and Reynolds immediately shot Barnes, killing him. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Nathaniel Reynolds guilty of the crimes charged.[2]

2. Reynolds contends the trial court erred in failing to give his requested charge on defense of a third party. He contends that the jury could have found that Reynolds shot the victim because he believed his brother was in danger. Under OCGA § 16-3-21 (a) a person is justified in using force to defend a third party against the "imminent use of unlawful force." However, subsection (b) (2) specifically provides that a person who is committing a felony is not justified in his use of force. Even under Reynolds's version of the events, he was a party to an armed robbery and thus, the evidence did not show that he was justified in the use of deadly force. Because the evidence did not support the charge, the trial court did not err in failing to give it.

3. Reynolds contends that the trial court erred in admitting his custodial statement. Reynolds contends that because he was a juvenile at the time of the crime, the admissibility of his statement requires an analysis of the nine factors set forth in *Riley v. State*.[3] Under Georgia statutes, however, those who have reached the age of

---

[1] The crimes occurred August 19, 1999. Reynolds was indicted on November 23, 1999. At a trial held April 24-27, 2000, he was found guilty of all charges. On December 14, 2001, the trial court entered an amended order sentencing Reynolds to life imprisonment for felony murder, a consecutive twenty year sentence for armed robbery, and a five year sentence for possession of a firearm during the commission of a felony, with the possession sentence to run consecutively to the life sentence, but concurrently with the armed robbery sentence. Reynolds filed his notice of appeal on December 12, 2001 and the appeal was docketed in this Court on January 30, 2002 and submitted for decision without oral argument on March 25, 2002.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] 237 Ga. 124, 128 (226 SE2d 922) (1976) (quoting *West v. United States*, 399 F2d 467, 469 (5th Cir. 1968)).

17 are no longer considered juveniles by our criminal justice system.[4] Therefore, Reynolds's statement is admissible if made voluntarily, without being induced by hope of benefit or coerced by threats.[5] The testimony at the *Jackson-Denno*[6] hearing showed that Reynolds was arrested, given *Miranda*[7] warnings, declined to speak with police, and the police conducted no interrogation. Several hours later, after speaking with his father by telephone, Reynolds asked to speak with the officers "to tell his side of the story." He was advised of his rights again, appeared to understand them, and signed a written waiver of the rights embodied in the *Miranda* warnings. Under these circumstances, we conclude that the trial court did not err in finding the statement admissible.

4. Shelitha Johnson testified that she heard Reynolds bragging about the robbery and murder. Reynolds contends that Johnson's testimony was based on hearsay and should have been excluded. Reynolds's contention, however, is not supported by the record. Johnson testified that she heard Reynolds make the statements. A witness may testify as to what she heard a defendant say about the crime.[8] Therefore, the admission of her testimony was not error.

5. After a review of the record, we conclude that the shell casing found at the scene was properly authenticated, and thus, its admission into evidence was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002 —
RECONSIDERATION DENIED OCTOBER 11, 2002.

*Torris J. Butterfield,* for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.

---

[4] OCGA §§ 15-11-2 (2), 15-11-28 (b) and (d).

[5] OCGA § 24-3-50.

[6] *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[7] *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[8] See *Moore v. State,* 240 Ga. 210 (240 SE2d 68) (1977).