## S03A0767. WOODARD v. THE STATE.
### (586 SE2d 330)

HUNSTEIN, Justice.

James Woodard was found guilty of murder and felony murder in the shooting death of Max Rister and was sentenced to life imprisonment.[1] He appeals from the denial of his motion for new trial, contending the trial court erred by admitting into evidence his statement to police officers and denying his motion for mistrial after a State witness improperly placed his character into evidence. Finding no error, we affirm.

---

[1] The crime occurred July 7, 1994; the victim died November 7, 1994. Woodard, a/k/a Charlie Coon, was indicted January 10, 1995 in Laurens County on charges of murder and felony murder. He was found guilty on May 1, 1996 and was sentenced by order filed in open court on May 3, 1996. His motion for new trial, filed May 22, 1996, was denied December 5, 2002. A notice of appeal was filed Monday, January 6, 2003. The appeal, originally docketed in the Court of Appeals on January 31, 2003, was transferred to this Court on February 6, 2003 and submitted for decision on the briefs.

1. The evidence adduced at trial authorized the jury to find that Max Rister, while a guest at a hotel in Dublin, encountered Carnell Agnew and a second, masked man, later identified as Woodard, as Rister exited his room. Woodard ordered Rister to hand over his wallet; the victim resisted, tried to run, and was shot twice. The two men then fled the area. The victim survived four months before dying from complications related to his gunshot wounds. Prior to his death, the victim positively identified Agnew as a participant in the crimes and informed police that Agnew was not the shooter because the masked man (Woodard) had the gun. Agnew testified at trial and identified Woodard as the shooter.

We find this evidence sufficient to enable a rational trier of fact to find Woodard guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Woodard contends the trial court erred by admitting his statement to police because it was not freely and voluntarily given, in that Woodard was 17 years 10 months old at the time; no attempt was made to locate his parents; he was not asked if he wanted a parent or guardian present; and he was kept incommunicado in his cell prior to talking with the police. At the *Jackson v. Denno* hearing,[2] the trial court heard evidence that Woodard was arrested at 2:15 p.m.; he was questioned at 4:15 p.m. for less than an hour; no hope of benefit was offered or threats made; and he was read his *Miranda*[3] rights and signed a waiver. In his statement, Woodard admitted being present at the hotel but otherwise denied any involvement in the crime.[4]

Although Woodard contends that the admissibility of his statement should be analyzed using the nine factors set forth in *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976), we have recognized that *Riley* does not apply to the admissibility of statements by persons who have reached the age of 17 because such persons are no longer considered juveniles by our criminal justice system. *Reynolds v. State*, 275 Ga. 548 (3) (569 SE2d 847) (2002). Thus, Woodard's statement was admissible if made voluntarily, without being induced by hope of benefit or coerced by threats. Id. "A trial court's factual determinations and credibility relating to the admissibility of a defendant's custodial statement will be upheld on appeal, unless clearly erroneous. [Cit.]" *Atkins v. State*, 274 Ga. 103, 105 (4) (549

---

[2] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[4] In the statement, Woodard said that he and three other men, including Agnew, were together in a car at the hotel; that Agnew and one of the men exited the vehicle; that Woodard heard shots and saw Agnew and the other man running back to the car; and that the group then left the area.

SE2d 356) (2001). Under the totality of the circumstances, the trial court did not err by finding that Woodard freely, knowingly, and voluntarily waived his rights and that his custodial statement was admissible into evidence. See id.

3. Woodard also contends that his motion for mistrial should have been granted because testimony by Detective Brantley improperly placed his character into issue. The testimony complained of was made by the witness in a non-responsive answer to a question posed by defense counsel.[5] "A nonresponsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue. Accordingly, the trial court, in the exercise of its broad discretion in ruling on motions for mistrial, did not err in denying [Woodard's] motion. [Cits.]" *Hansley v. State*, 267 Ga. 48, 49 (3) (472 SE2d 305) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*Charles M. Warnock, Jr.*, for appellant.

*Ralph M. Walke, District Attorney, Terry F. Holland, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.

---

[5] Defense counsel asked the witness: "Isn't it accurate to say, Detective Brantley, that when Carnell Agnew hit Laurens County there was a virtual crime spree that he was involved in?" The detective, however, did not answer the question but instead responded, "It would be more accurate to say when I arrested Carnell Agnew and James Woodard and also the other persons that I arrested that I saw several similar cases."