## A04A0910. BRANNON v. THE STATE.
### (602 SE2d 865)

SMITH, Chief Judge.

Thomas E. Brannon III was found guilty of armed robbery and fleeing or attempting to elude a police officer. His amended motion for new trial was granted in part and denied in part.[1] He appeals the denial of his motion for new trial with respect to the armed robbery conviction, asserting as his sole enumeration of error that his incriminating statement to police was coerced. We disagree and affirm.

After having his *Miranda* rights explained to him and waiving them in writing, Brannon gave a statement to a police detective. The detective testified that he did not threaten or coerce Brannon and did not offer him any hope of reward. The detective reduced Brannon's statement to writing, and Brannon read the statement, said it was true and correct, and signed the bottom of each page. He then gave a second, tape-recorded statement. On the audiotape, Brannon acknowledged that he signed the *Miranda* form, had finished ten years of schooling, was not under the influence of alcohol or drugs, and had not received any threats, promises or coercion to make the statement.

Brannon contends that his incriminating statement was obtained by deception, claiming that the detective falsely informed him that he was charged only with purse snatching and not with armed robbery. He bases this contention on a single question posed by the detective during the audiotaped interview: "Okay, that's the same car you used to do the . . . purse-snatch with?" However, the detective testified that he informed Brannon that he was charged with armed robbery when he read him his *Miranda* warnings and that his reference to "purse-snatch" during the interview was "misspoken."

---

[1] The trial court granted the motion for new trial as to Brannon's conviction for felony attempting to elude, found him guilty of misdemeanor attempting to elude, and resentenced him accordingly.

Brannon also contends that his statement was obtained by improper interview techniques, such as not allowing him to change his wet and muddy clothes, not allowing him to call his parents, and leaving him alone in an interview room for approximately two to two and one-half hours.[2] In support, Brannon relies on the nine-part heightened scrutiny test devised by the U. S. Court of Appeals for the Fifth Circuit and adopted by the Georgia Supreme Court in *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976). But that decision is explicitly limited "to confessions and incriminating statements given outside the presence of the juvenile's parents." Id. *"Riley* does not apply to the admissibility of statements by persons who have reached the age of 17 because such persons are no longer considered juveniles by our criminal justice system. Thus, [the] statement was admissible if made voluntarily, without being induced by hope of benefit or coerced by threats." (Citations omitted.) *Woodard v. State*, 277 Ga. 49, 50 (2) (586 SE2d 330) (2003).

The trial court found that Brannon's statement was freely and voluntarily given and that it was not improperly coerced by the police either through deception or improper questioning techniques. This determination was supported by evidence, even though Brannon argues that some inferences cast doubt on the police detective's account.

> Factual and credibility determinations of this sort made after a *Jackson-Denno* voluntariness hearing must be accepted by appellate courts unless such determinations are clearly erroneous. Since the trial court's determination here is supported by evidence (even though contradicted), it is not clearly erroneous and is therefore affirmed.

(Citation omitted.) *Brown v. State*, 250 Ga. App. 147, 151 (550 SE2d 701) (2001).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 30, 2004.

*Zell & Zell, Rodney S. Zell*, for appellant.

---

[2] While Brannon claims the detective testified that he deliberately left Brannon alone in the interview room for approximately two hours as "part of his interview technique," this is an inaccurate statement. The detective testified that he did not allow persons under arrest to speak with others before their interview and that the delay in the interview was due to his "still processing the scene."

*Jeffrey H. Brickman, District Attorney, Rosemary W. Brewer, Assistant District Attorney*, for appellee.