### A06A2455. CRAWFORD v. THE STATE.

(642 SE2d 335)

JOHNSON, Presiding Judge.

A grand jury indicted Robert Crawford on 25 counts, including malice murder, several counts of felony murder, the underlying counts being burglary, armed robbery, aggravated assault and kidnapping, as well as several different firearms charges. Following a

---

jury trial, Crawford was convicted of one count of burglary. Crawford appeals, alleging the trial court erred in excluding his expert testimony regarding cross-racial eyewitness identification and false confessions. We find no error and affirm Crawford's conviction.

1. Crawford contends the trial court abused its discretion and denied his fourteenth and sixth amendment rights to a complete defense by not allowing his expert to testify regarding cross-racial eyewitness identification. The decision regarding whether to admit expert testimony regarding eyewitness identification lies within the sound discretion of the trial judge, whose decision will not be disturbed on appeal absent a clear abuse of discretion.[1] And, while the trial court must carefully weigh whether expert testimony would assist the jury in assessing the reliability of eyewitness testimony where such testimony is the key element of the state's case and there is no substantial corroboration of that identification by other evidence, the Supreme Court of Georgia has clearly held that the admission or exclusion of expert testimony even in this situation lies within the sound discretion of the trial court.[2]

In this case, the state introduced a confession from Crawford which provided substantial corroboration of the eyewitness testimony that Crawford committed the crime. Crawford argues that the confession should be disregarded as "substantial corroboration" because it was not reliable for several reasons: it was made late at night while Crawford was under the influence of marijuana and alcohol, his education and intelligence were below average, and there were inconsistencies between the confession and the victims' testimony. While these factors go to the reliability of the confession, the trial court conducted a *Jackson-Denno* hearing and determined that the confession was admissible. A trial court's factual and credibility determinations made after a *Jackson-Denno* hearing must be accepted by appellate courts unless such determinations are clearly erroneous.[3]

In addition, while Crawford points to inconsistencies between his confession and the victims' testimony to support his argument that the confession does not constitute substantial corroboration, the credibility of witnesses is the province of the jury, not the appellate court.[4] And, this is not a case where only one eyewitness identified the defendant and the defendant was unknown to the eyewitness. One of the eyewitnesses testified that Crawford purchased a certain brand

---

[1] See *Johnson v. State*, 272 Ga. 254, 257 (1) (526 SE2d 549) (2000).

[2] See id. at 255-257 (1).

[3] See *Brannon v. State*, 268 Ga. App. 847, 848 (602 SE2d 865) (2004).

[4] See *Smith v. State*, 253 Ga. App. 789, 791 (560 SE2d 348) (2002).

of cigars on a weekly basis from the store where he worked and the eyewitness saw Crawford two or three times a week at the apartment complex where they both lived. Another eyewitness testified that Crawford frequented the convenience store where he worked. Both victims selected Crawford out of a photo lineup.

The record in the present case shows that the eyewitnesses testified and were cross-examined regarding their opportunity to identify Crawford at the time of the crime. In addition, Crawford's confession corroborated much of the eyewitnesses' testimony. Under the facts of this case, we find no abuse of the trial court's discretion in excluding the proffered expert testimony. A jury could have resolved the issue of whether the victims actually recognized Crawford without the assistance of an expert witness.[5]

2. Crawford contends the trial court abused its discretion and denied his fourteenth and sixth amendment rights to a complete defense by not allowing his expert to testify regarding false confessions. We again must disagree. As we stated in Division 1, the admission or exclusion of expert testimony lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion. And, the Supreme Court of Georgia has upheld a trial court's refusal to admit expert testimony on the false confession theory because the theory is not reliable and has not yet reached a verifiable stage of scientific certainty.[6] The trial court in the present case did not abuse its discretion in refusing to allow Crawford's expert to testify about the false confession theory.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 20, 2007 — ■■■■■■■■

*Mau & Kondritzer, Kenneth D. Kondritzer, Eric J. Taylor*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.

---

[5] See *Johnson*, supra at 260-261 (2); *Allen v. State*, 268 Ga. App. 519, 526-528 (2) (602 SE2d 250) (2004).

[6] *Riley v. State*, 278 Ga. 677, 681-683 (4) (604 SE2d 488) (2004).