A08A0135. SMITH v. THE STATE.
(662 SE2d 293)

ADAMS, Judge.

Leon Smith was convicted by a jury of possessing twenty-eight grams or more of a mixture of cocaine containing at least ten percent cocaine. On appeal, he contends that the trial court erred by admitting his confession into evidence at trial because it was not freely and voluntarily made. We find no error and affirm.

The following evidence was presented at the *Jackson-Denno* hearing to determine the admissibility of the statement: Agent Steven Sweat testified that on August 26, 2005 he was the assistant commander of the West Georgia Drug Task Force and was present when a search warrant was executed at Smith's residence. Smith was present in the home along with a female relative and her two children. Sweat testified that after cocaine was found in Smith's bedroom, Agent Michael Fritz, the agent in charge of the case, read Smith his *Miranda* rights and that Smith signed a waiver of rights form in his presence. Sweat testified that Smith initially stated he did not know why the officers were there and that he did not know anything about the cocaine that was found in his night stand. Sweat said he continued to sit with Smith while Agent Fritz performed other duties and that after some general small talk Smith told him that he was going to own up to the drugs that were found during the search. Sweat asked Smith if he would make a written statement to that effect, and he told Sweat he could not write very well. Sweat asked Smith if he wanted Sweat to write the statement for him, and he said yes. Smith then dictated a two-line statement to Sweat indicating that the drugs found in the residence were his. Sweat read the statement back to Smith while Smith looked on, and Smith then signed the statement. Sweat testified that Smith was not threatened or offered any hope of benefit in return for his statement. He also testified that Smith never requested an attorney. On cross-examination, Sweat testified that Smith told the officers that he could read but that he could not write very well.

Agent Fritz also testified. Fritz testified that he read Smith his *Miranda* rights and that Smith did not ask for an attorney and never gave an indication that he did not understand his rights.

Smith also testified at the hearing. He first acknowledged signing the form waiving his *Miranda* rights but later said he did not remember signing it, although he also testified that he must have signed it since his signature was on the form. He also testified that he could not read, that he did not understand what was read to him concerning his rights and that he was not informed he could request an attorney at any time. But he later testified that he did ask for an attorney. He acknowledged signing the form containing his statement that drugs found in the house were his but testified that he made the statement because the agents told him they would go easier on him and not bring charges against his niece if he would admit the drugs were his.

Following the hearing, the trial court found that Smith was read his rights, those rights were explained to him, he understood those rights and that he knowingly and intelligently waived his rights. Citing *Perry v. State*, 175 Ga. App. 301, 301-302 (333 SE2d 178) (1985), Smith argues that his inability to read and his confusion as to whether he could have an attorney at the time he made his statement should have rendered it inadmissible at trial. But the trial court's finding that Smith was informed of his right to an attorney was supported by the officers' testimony, and the court was not required to accept Smith's testimony that he was not told that he could have an attorney present during questioning. And even if we accept Smith's testimony that he could not read, we note that the education of the defendant is just one factor going to whether the statement was voluntarily made. Id. "It is the task of the trial court to determine whether a confession was voluntary, taking into account the totality of the circumstances. We will not disturb the trial court's factual and credibility determinations on appeal unless they are clearly erroneous." (Citation, punctuation and footnote omitted.) *Jackson v. State*, 280 Ga. App. 716, 720 (2) (634 SE2d 846) (2006). We find no clear error warranting reversal in this case. See, e.g., *Burns v. State*, 288 Ga. App. 507, 509 (2) (654 SE2d 405) (2007); *Kania v. State*, 280 Ga. App. 356, 357 (1) (634 SE2d 146) (2006).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED MAY 13, 2008.

*Mary Erickson*, for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Vincent J. Faucette, Assistant District Attorneys*, for appellee.