### A08A1319. DAGENHART v. THE STATE.
(667 SE2d 627)

SMITH, Presiding Judge.

Larry Thomas Dagenhart appeals from his convictions for trafficking in methamphetamine (OCGA § 16-13-31) and using a cellular phone to facilitate a violation of the Georgia Controlled Substances Act (OCGA § 16-13-32.3). In his sole enumeration of error, Dagenhart contends that the trial court erred by admitting into evidence his custodial statement to police. We disagree and affirm.

In support of his argument that the trial court erred, Dagenhart cites *Perry v. State*, 175 Ga. App. 301 (333 SE2d 178) (1985). As the State correctly points out, the legal standard in *Perry* governs the admissibility of statements made by minors, not adults like Dagenhart. See *Reynolds v. State*, 275 Ga. 548, 549-550 (3) (569 SE2d 847) (2002). The proper standard for evaluating the admissibility of Dagenhart's statement is whether, under the totality of the circumstances, he made it "voluntarily, without being induced by hope of benefit or coerced by threats." (Citation and footnote omitted.) Id. at 550 (3). See also *Bishop v. State*, 268 Ga. 286, 287 (2) (486 SE2d 887) (1997).

Dagenhart argues that the trial court erred by admitting his statement because he had only a seventh grade education and the officer failed "to determine whether this obvious drug addict was under the influence of illegal drugs." We find no merit in this argument.

Dagenhart points to no evidence showing how his low level of education impacted his decision to provide a statement to the police. The police officer read the waiver of rights form to Dagenhart and testified that Dagenhart did not appear to be suffering from a "mental problem in any way." The record also lacks evidence demonstrating that Dagenhart was under the influence of drugs at the time he gave his statement. Indeed, the police officer testified that Dagenhart denied being "under the influence" and "did not appear to me to be under the influence of anything." Based on the totality of the circumstances, we find no error in the trial court's admission of Dagenhart's statement. See *Ellis v. State*, 274 Ga. 852, 853 (2) (561 SE2d 117) (2002) (trial court did not clearly err by

admitting statement of defendant with sixth grade education and limited reading ability); *Bishop,* supra, 268 Ga. at 287-288 (2) (trial court did not err by admitting defendant's statement based upon officer's testimony that defendant did not appear to be under the influence of alcohol or drugs).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 27, 2008 —
RECONSIDERATION DENIED SEPTEMBER 29, 2008.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Jeffrey L. Ballew, James A. Dooley, Assistant District Attorneys*, for appellee.