A09A0239. HARRIS v. THE STATE.
(677 SE2d 763)

PHIPPS, Judge.

Ryan Antwain Harris appeals his conviction for violating the Georgia Controlled Substances Act,[1] contending that the trial court erred in admitting his confession into evidence and that a witness's identification of him by his tattoo was not reliable. For the reasons set forth below, we affirm.

On November 15, 2003, a Georgia Bureau of Investigation agent purchased $40 worth of crack cocaine during an undercover narcotics investigation. The agent got a "brief view" of the seller of the cocaine, who approached the agent's vehicle with his shirt over his head. The agent noted the word "trap" tattooed on the seller's forearm; Harris, who bore the same tattoo, was subsequently arrested. He was interviewed by another law enforcement agent, Jordan Kight, who testified that, during the interview, Harris orally confessed to selling the cocaine. A jury found Harris guilty of the controlled substance violation, and the court denied his motion for new trial.

1. Harris contends that the court erred in admitting Kight's testimony about the confession. OCGA § 24-3-50 provides that "[t]o make a confession admissible, it must have been made voluntarily,

---

YALE LAW LIBRARY

without being induced by another by the slightest hope of benefit or remotest fear of injury." "[A] prima facie showing of the admissibility of a confession [is] made by evidence of compliance with OCGA § 24-3-50 in addition to evidence showing that defendant confessed after having been given his *Miranda* rights."[2] The state bears the burden of demonstrating the voluntariness of a confession by a preponderance of the evidence.[3] "To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances."[4]

At a *Jackson-Denno* hearing, Harris admitted that he was given his *Miranda* rights at the start of the interview and that he read and signed a written waiver of those rights. The waiver included the following representation: "I understand my rights. Having these rights in mind, I am willing now to talk about the charges against me[.] I have not been threatened. I have not been promised anything. I have not been forced in any way to answer any questions or to make any statements." Harris denied, however, making an oral confession to Kight. He testified instead that Kight presented him with a prepared written confession and told him that he had to sign the document. Harris testified that he did not want to sign the document, but did so after Kight informed him that if he did not sign it he would have to post a cash bond. Kight, at the *Jackson-Denno* hearing, denied making such a statement to Harris or hearing anyone else make such a statement to Harris, and he testified that he never received a written confession signed by Harris. Counsel for the state was unaware of any such written confession.

Harris challenged Kight's credibility, arguing that Kight did not accurately recall the interview, and asserted at the *Jackson-Denno* hearing that the state had failed to meet its burden of showing that any confession made by Harris was voluntary. The court disagreed and found from a preponderance of the evidence that Harris was advised of his *Miranda* rights, that he understood them, that he voluntarily waived them, and that he thereafter gave his oral statement freely and voluntarily without any hope of benefit or fear of injury. In so doing, the court noted that Harris had corroborated many of the facts contained in a written summary of the confession prepared by Kight after the interview.

"Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a

---

[2] *Pruitt v. State*, 176 Ga. App. 317, 321 (3) (335 SE2d 724) (1985) (footnote omitted).

[3] *State v. Ray*, 272 Ga. 450 (2) (531 SE2d 705) (2000).

[4] *Gober v. State*, 264 Ga. 226, 228 (2) (b) (443 SE2d 616) (1994) (citation and punctuation omitted).

confession will be upheld on appeal."[5] Here, the trial court received evidence concerning, and had to choose between, competing versions of what occurred during Harris's interview. Nothing in the record demonstrates that the court's determination was clearly erroneous.

We find no merit in Harris's assertion that his confession should be deemed involuntary because he was in custody for four to five days before being interviewed. *Perry v. State*,[6] upon which Harris relies for this contention, addressed factors applicable when determining the voluntariness of a custodial statement made by a juvenile.[7] Because Harris was not a juvenile at the time of his interview, these factors do not apply.[8]

2. Harris enumerates as error that "the identification of [Harris] based upon his tattoo was not reliable," and he contends that he should be granted a new trial for this reason.

To the extent this claim concerns the court's admission of the identification evidence, we find no error. Harris challenged the reliability of his identification based on the tattoo through cross-examination of the agent who saw the tattoo and through eliciting evidence that another man had the same tattoo. It was the role of the jury to assess the strength of this evidence and the reliability of the agent's identification.[9]

To the extent this claim concerns the sufficiency of the evidence to support Harris's conviction, we find no error in light of the evidence of his confession.[10]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED APRIL 22, 2009.

*David C. Walker, Brandi D. Payne*, for appellant.
*Steven Askew, District Attorney, Tony A. May, Assistant District Attorney*, for appellee.

---

[5] Id. (citation and punctuation omitted).
[6] 175 Ga. App. 301 (333 SE2d 178) (1985).
[7] See *Dagenhart v. State*, 293 Ga. App. 744 (667 SE2d 627) (2008).
[8] See *Reynolds v. State*, 275 Ga. 548, 549-550 (3) (569 SE2d 847) (2002).
[9] See *Tucker v. State*, 275 Ga. App. 611, 612 (621 SE2d 562) (2005).
[10] See Division 1, supra.